Curtis Parks, Public Defender Tulsa County, for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Crowe, Legal Intern, for defendant in error.

**Gayland Dean TAUA, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16394.**

Court of Criminal Appeals of Oklahoma.

April 21, 1971.

BUSSEY, Presiding Judge:

Gayland Dean Taua, hereinafter referred to as "defendant," was charged, tried and convicted in the District Court of Tulsa County of the offense of First Degree Burglary After Former Conviction of a Felony, his punishment fixed at a term of ten to thirty years and from said Judgment and Sentence a timely appeal has been perfected to this Court.

Briefly stated the evidence at the trial revealed that on May 25, 1970, Henry Webster lived at 148 N. Birmingham Place in Tulsa, Oklahoma. He testified that he was awakened in the morning and observed a person he identified as the defendant leaning over his wife. The defendant ran down the stairs and he gave chase. The defendant went out of the house and got into a car which was parked across the street. Webster followed the car until it pulled into a driveway wherein he got out of his pickup and asked the de-

fendant "what was he doing in my house." The defendant denied being in the house. The defendant then drove his car through the yard and accelerated rapidly down Birmingham Street.

Webster continued following the vehicle and observed the defendant switch places with another occupant in the car. The defendant's vehicle pulled into a service station wherein he pulled in behind it and stopped the occupants. The station attendant called the police. Upon returning home he found that a sports shirt, trench coat and wallet were missing.

Officer Isnardi testified that he answered the call to the service station. He observed the defendant with three other people in a 1962 or 1963 Ford which was red in color. He placed the defendant under arrest and advised him of his Miranda rights which the defendant acknowledged that he understood. He further testified that the defendant's physical condition appeared to be normal.

Officer Roberts testified that he also answered the call to the service station. He observed clothing laying on right front floor board of the 1963 red Ford and upon removing the clothing he found a billfold. The items were introduced into evidence without objection. They had previously been identified by witness Webster as the items taken from his house.

Officer Vause testified that he investigated the burglary of Webster's residence and found that the front door and a storm door were busted and in shambles.

Officer Johnson testified that he questioned the defendant at the city jail. The trial court excused the jury and conducted a Jackson v. Denno hearing and after hearing the testimony of witnesses ruled that there was sufficient evidence for the jury to find beyond a reasonable doubt that the defendant had been advised of his Miranda rights and that he voluntarily gave a statement. The officer then testified that after advising the defendant of his rights in accordance with the Miranda decision, which the defendant responded that he un-

derstood, the defendant admitted that he had forced the door open and took the clothing and wallet. A matron, Elizabeth Frank, was present during the questioning.

The defendant testified in his own behalf that he was with three other people, a Mr. Tolle, Lana Davis and Betty Watten on May 25th in Oklahoma City. Miss Davis knew a girl that lived at 148 N. Birmingham Place in Tulsa, and that they left Oklahoma City at approximately 2:00 A.M. Further, that at Miss Davis' suggestion they went to 148 N. Birmingham Place and he laid back in the front seat and went to sleep. The next thing he remembered was Webster standing by the car saying something he couldn't remember. They drove through a yard and down the street whereupon Webster stopped them at a filling station where they were arrested.

He denied making the statement to Officer Johnson admitting the offense but after repeated questioning and the officer accusing him, he said "if you say so o. k." The reason he said this was that he was tired and was still affected by the alcohol. He admitted a prior conviction for second degree burglary.

Matron Frank was called in rebuttal and testified that she was present at the time Officer Johnson questioned the defendant. Johnson advised the defendant of his constitutional rights and he acknowledged that he understood them. There was nothing unusual about his appearance and she did not have trouble understanding him. He stated that he entered the house alone and that he took a billfold. She did not hear the defendant say "if that's what you say." The questioning did not last more than fifteen minutes.

The sole proposition of error contends that the punishment is excessive, appearing to have been given under the influence of passion or prejudice. This Court has repeatedly held that it is without authority to modify a sentence unless we can conscientiously say under all the facts and circumstances the sentence was so excessive as to shock the conscience of the Court. Rob-

erts v. State, Okl.Cr., 473 P.2d 264 (1970). From the foregoing recital of facts we cannot conscientiously say that the sentence imposed shocks the conscience of this Court.

In conclusion we observe that the record is free of any error which would justify modification or reversal and under such circumstances we are of the opinion that the Judgment and Sentence should be and the same is hereby affirmed.